UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

TOMMY L. COLLINS,                )
                                 )
    Plaintiff,                   )
                                 )
    v.                           )       Case No.   10-cv-1228
                                 )
CITY OF PEORIA and OFFICER JOHN  )
MATTERN,                         )
                                 )
    Defendants.                  )

## O R D E R  &  O P I N I O N

This matter is before the Court on Plaintiff's Motion to Proceed in forma pauperis and his Motion for Appointment of Counsel.[1]  (Docs. 4 & 5).  On July 14, 2010, Plaintiff filed a pro se complaint alleging that, pursuant to the City of Peoria's police department's policy of failing to properly check a person's identity before issuing an arrest warrant, a Peoria police officer, John Mattern, caused him to be wrongfully imprisoned for six days, in violation of his civil rights.[2]

---

[1]  Plaintiff initially filed this case in the Northern District of Illinois, but Judge Norgle ordered the Clerk to transfer it to this District and Division on July 20, 2010 because neither of the Defendants resides in the Northern District and because the events giving rise to his claims occurred in Peoria County.  (Doc. 6).

[2]  The Court notes that throughout the narrative of his Complaint, Plaintiff refers to the both the "Peoria County police department" and the City of Peoria. Peoria County has a Sheriff's office, and the City of Peoria has a police department; the two are separate entities with different officers.  Construing Plaintiff's pro se Complaint liberally, the Court assumes that Plaintiff intends to sue the City of Peoria and its police officer, as those are the named Defendants.
    Plaintiff alleges that, on February 27, 2007, Officer Mattern conducted a traffic stop.  The driver of the vehicle gave his name as Tommy Collins and his birth date as March 5, 1969, but had no identification.  Officer Mattern checked this name and birth date in a database, and found a driver's license suspension for a

## MOTION TO PROCEED IN FORMA PAUPERIS

Under 28 U.S.C. § 1915(a), the Court may allow a plaintiff to commence a civil suit without prepayment of the filing fee. Plaintiff states that he currently has a monthly income of $1,920, which works out to an annual income of $23,040. Plaintiff lives with one child, and contributes a total of $785 each month toward the support of three other children who do not live with him. Plaintiff has personal property with a current market value of $1200.

Our Appellate Court has held that "[t]he privilege to proceed without [paying] costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). Courts have sometimes used the Federal Poverty Guideline as a threshold for determining whether to allow a civil plaintiff to proceed without payment of fees. *See, e.g., Hernandez v. Dart*, 635 F.Supp.2d 798, 805 (N.D. Ill. 2009). Plaintiff lives with one other person, his son. The current poverty guideline for a two-person household is $14,570. Continuing Extension Act of 2010, Pub. L. No. 111-157, § 6, 124 Stat. 1116 (2010) (extending 2009 poverty guideline to May 31, 2010); Annual Update of the HHS Poverty Guidelines, 74 Fed. Reg. 4199-04 (Jan. 23, 2009). Plaintiff's annual household income of $23,040 is well over that threshold. On the other hand, Plaintiff contributes $785 each month to the support

---

driver by that name and birth date. Subsequently, a warrant was issued for failure to appear for a Tommy Collins with a birth date of March 5, 1969. This warrant was executed against Plaintiff, who is not the Tommy Collins with the suspended license, by the Chicago police department on November 10, 2009, resulting in Plaintiff's six-day wrongful incarceration. (Doc. 1 at 6).

of his other three children, which cuts into his available income.  In its discretion, the Court will not allow Plaintiff to proceed in forma pauperis.

### MOTION FOR APPOINTMENT OF COUNSEL

Civil litigants are not entitled to a court appointed attorney.  *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006).  However, the Court may request an attorney to represent an indigent litigant.  28 U.S.C. §1915(e)(1).  Prior to such a request, the litigant must show that he has made a reasonable attempt to acquire counsel without Court intervention.  *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007).  After a litigant has made such an attempt, the Court considers whether, "given the difficulty of the case," he appears able to litigate it himself, and, if not, whether appointed counsel would be "reasonably likely to alter the outcome."  *Id*. at 655-56, 660.

As the Court has denied Plaintiff's request to proceed in forma pauperis, it cannot appoint counsel for him under § 1915(a).  *See Hairston v. Blackburn*, 09-cv-598, 2010 WL 145793, *10 (S.D. Ill. Jan. 12, 2010) ("proceeding in forma pauperis pursuant to 28 U.S.C. § 1915 is a pre-requisite to appointment of counsel under § 1915(e)(1)") (*citing Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007).); *Jackson v. Police's Annuity and Ben. Fund*, 97-c-7438, 1997 WL 736722, *1 (N.D. Ill. Nov. 17, 1997) ("This Court cannot break the operative rules that provide for representation of 'any person unable to afford counsel' (28 U.S.C. § 1915(e)(1)), a standard that is linked by *id*. § 1915(e)(2) to a showing of 'poverty.'").

Moreover, even if Plaintiff had shown that he was unable to afford counsel, the Court would not appoint counsel in this case under the standard of *Pruitt*.  It is

unclear from Plaintiff's statement that he has contacted two law firms to seek representation, but has not received calls back from either of them, whether he has met the requirement of making a reasonable attempt to obtain counsel. (Doc. 5 at 1). Plaintiff does not indicate how he contacted these firms, what type of law they practice, nor how long he waited to hear back from them; contacting only two firms seems merely a token attempt in any event. Even if he had made the required showing, though, the Complaint shows this to be a relatively straightforward case and there is no indication that Plaintiff is unable to litigate it himself, as he has graduated from high school and holds a job.[3]

IT IS THEREFORE ORDERED that Plaintiff's Motion to Proceed in forma pauperis (Doc. 4) and his Motion for Appointment of Counsel (Doc. 5) are DENIED. Plaintiff must pay the applicable filing fee within 21 days of the date of this order, or risk dismissal of his case for failure to prosecute.


Entered this 22nd day of July, 2010.


                                                s/ Joe B. McDade
                                                JOE BILLY McDADE
                                        United States Senior District Judge

---

[3] The Court's usual analysis of Plaintiff's Complaint for signs of his ability is complicated by the fact that an attorney from the Northern District of Illinois' Pro Se Assistance Program assisted him in preparing his Complaint; it is thus not a perfectly reliable indicator of what Plaintiff is capable of on his own. (Doc. 5 at 2).