## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| TOMMY L. COLLINS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CITY OF PEORIA, and JOHN E. ) <br> MATTERN, ) <br> ) <br> Defendants. ) <br> ) | Case No. 10-cv-1228 |

## O R D E R  &  O P I N I O N

Before the Court is Defendants' Motion to Dismiss Plaintiff's Complaint (Doc. 14) and Memorandum in Support (Doc. 15). Plaintiff timely filed a Response to Defendants' Motion to Dismiss (Doc. 18) as well as his own Memorandum in Support (Doc. 19). For the following reasons, Defendants' Motion is GRANTED and Plaintiff's Complaint is DISMISSED.

### LEGAL STANDARD

"In ruling on Rule 12(b)(6) motions, the court must treat all well-pleaded allegations as true and draw all inferences in favor of the non-moving party." *In re marchFIRST Inc.*, 589 F.3d 901, 904 (7th Cir. 2009) (*citing Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008)). To survive a motion to dismiss under 12(b)(6), a plaintiff's complaint must "plead some facts that suggest a right to relief that is beyond the 'speculative level.'" *EEOC v. Concentra Health Svcs., Inc.*, 496 F.3d 773, 776-77 (7th Cir. 2007) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 560-63 (2007)). Though detailed factual allegations are not needed, a "formulaic recitation

of a cause of action's elements will not do." *Twombly*, 550 U.S. at 547. "The complaint must contain 'enough facts to state a claim to relief that is plausible on its face.'" *Bissessur v. Indiana University Bd. of Trustees*, 581 F.3d 599, 602 (7th Cir. 2009) (*quoting Twombly*, 550 U.S. at 557; *Tamayo*, 526 F.3d at 1084). However, a plaintiff can also "plead himself out of court by pleading facts that show he has no legal claim." *Atkins v. City of Chicago*, ---F.3d---, 2011 WL 206155, at *7 (7th Cir. Jan. 25, 2011).

## BACKGROUND[1]

On July 14, 2010, *pro se* Plaintiff filed a Complaint for Deprivation of Constitutional Rights in the United States District Court for the Northern District of Illinois. (Doc. 1).[2] In his Complaint, Plaintiff brings a civil rights claim pursuant to 42 U.S.C. § 1983 against Defendant Officer John Mattern ("Defendant Mattern") and Defendant City of Peoria ("Defendant City") for an alleged violation of his Fourth Amendment right to be free from unreasonable seizures. (Doc. 1 at 6-7). Plaintiff also brings state law claims of negligence, false arrest, assault, battery, false imprisonment, malicious prosecution, conspiracy and "any other claim that may be supported by the allegations of this complaint." (Doc. 1 at 5-6). Defendants' Motion to Dismiss only addresses Plaintiff's § 1983 claim. (Doc. 15).

Plaintiff's Complaint arises out of the following set of facts. On February 27, 2007, Defendant Mattern executed a routine traffic stop. (Doc. 1 at 6). Although

---

[1] According to the applicable legal standard, all facts in the background are taken as true based upon the allegations in Plaintiff's Complaint. As indicated throughout, several supplemental facts are also taken from Defendants' Motion to Dismiss.
[2] The Northern District of Illinois transferred the Complaint to this Court on July 20, 2010.

2

the driver of the stopped vehicle did not produce any identification, he told Defendant Mattern that his name was Tommy Collins and that his birthday was March 5, 1969.³ (Doc. 1 at 6). Defendant Mattern used this information to conduct a drivers' license check, which revealed that Tommy Collins' driver's license was suspended. Accordingly, Defendant Mattern issued the offender a ticket in the name of Tommy Collins, and the matter was set for traffic court.⁴ (Doc. 15 at 1). Neither the unknown offender, nor Plaintiff (who presumably had no idea that a ticket had even been issued in his name), appeared at the traffic court, prompting the Circuit Court of the Tenth Judicial Circuit to issue an arrest warrant for Tommy Collins. (Doc. 15 at 1). Pursuant to this warrant, on November 11, 2009, the Chicago Police Department arrested Plaintiff and held him for six days. (Doc. 1 at 6). The crux of Plaintiff's Complaint is that Defendant Mattern's negligence in not confirming the true identity of the man ticketed on the night of February 27, 2007, led to his wrongful arrest in 2009.

## DISCUSSION

In their Motion to Dismiss, Defendants make several arguments as to why Plaintiff's Complaint fails to allege a cause of action pursuant to 42 U.S.C. § 1983.

---

³ Although this is never specifically alleged, based upon the surrounding facts, the Court assumes that Plaintiff, Tommy Collins, also has a birthday of March 5, 1969.
⁴ It is not clear whether or not the unknown offender was also arrested, or if he was simply issued a ticket. Plaintiff did not allege that the man was arrested in his Complaint (in fact part of his complaint is that the man should have been arrested and booked but was not), and only appears to do so in his Response due to the fact that Defendants make various references to the arrest of February 27, 2007 in their Motion to Dismiss. However, because the Defendants seem to have misread Plaintiff's Complaint as complaining of an arrest on that date, they may simply be assuming this as well. Accordingly, the Court cannot discern from the record before it whether an arrest actually took place on February 27, 2007.

The Court will first examine whether Plaintiff's Complaint sufficiently alleges a claim against Defendant Mattern, before turning to whether he pleads a cognizable claim against Defendant City of Peoria.

**I. Defendant Mattern**

Defendants argue that Plaintiff fails to allege a § 1983 cause of action against Defendant Mattern because Plaintiff has not alleged any facts which would show that Defendant Mattern violated his constitutional rights. However, because the Court finds that even if a constitutional violation occurred here Defendant Mattern would be entitled to qualified immunity, this argument need not be considered.[5] "The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate *clearly established* statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223 (2009) (*quoting Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)) (emphasis added). In order to determine whether a particular defendant is entitled to qualified immunity, the Court must consider 1) whether the facts pled by the Plaintiff make out a violation of a constitutional right, and 2) "whether the right at issue was 'clearly established' at the time of defendant's alleged misconduct." *Id.* However, after the Supreme Court's ruling in *Pearson*, it is now within the Court's discretion to determine which of these two prongs to consider first, in light of the circumstances of the case at hand. *Id.*

---

[5] Although qualified immunity is an affirmative defense, which has not yet been raised by Defendants, the Seventh Circuit has held that there is no principle which "forbids a court to notice such a defense exists, is bound to be raised, and is certain to succeed when raised." *Buckley v. Fitzsimmons*, 20 F.3d 789, 793 (7th Cir. 1994).

4

To establish that a right is clearly established for the purposes of a qualified immunity analysis, there must be evidence "that a court has upheld the purported right in a case factually similar to the one under review, or that the alleged misconduct constituted an obvious violation of a constitutional right." *Lunini v. Grayeb*, 395 F.3d 761, 769 (7th Cir. 2005). In other words, the Court must seek to determine "whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id.* (*quoting Saucier v. Katz*, 533 U.S. 194, 200-01 (2001).

Here, Plaintiff's claim is that Defendant Mattern was negligent in not taking steps to discover the offender's true identity on the night of February 27, 2007, before issuing a charge in the name of "Tommy Collins," and that this negligence resulted in Plaintiff's wrongful arrest in 2009. Defendant argues that he had no such "duty to investigate" and that therefore his negligence, if any, did not violate any of Plaintiff's constitutional rights.[6] While the Court has found numerous cases where a plaintiff brings suit for a violation of his civil rights after having been arrested due to some form of misidentification, all of these cases were directed at the officers who actually arrested and held the plaintiff despite his protestations of innocence, rather than the officer who supplied the information to be placed in the

---

[6] The case cited by Defendant for this proposition, *Beauchamp v. City of Noblesville*, 320 F.3d 733, 744 (7th Cir. 2003), dealt with whether or not a police officer with probable cause to arrest a person has a duty to further investigate before doing so. However, that case is not relevant here as the plaintiff in that case was the person arrested by the officer, not an absent third party who was only later arrested due to the officer's failure to investigate. *See id.*

5

warrant.[7] *See e.g., Baker v. McCollan*, 443 U.S. 137, 143 (1979) ("[Plaintiff]'s § 1983 claim against the sheriff is not for the wrong name being placed in the warrant or the failure to discover and change same . . ."); *Panfil v. City of Chicago*, 45 Fed. Appx. 528 (7th Cir. 2002) (plaintiff mistakenly arrested pursuant to a warrant that had been issued for his identical twin brother brought § 1983 suit against arresting officer, city, county jail, and county sheriff). In fact, the Court cannot find any precedent as to whether or not an officer has a constitutional duty to protect innocent persons from being arrested by engaging in a prolonged investigation into the identity of an unknown offender who is being charged with a traffic violation. Nor can the Court find any authority for the proposition that an officer is constitutionally obligated to arrest an individual for a traffic offense when that individual does not have valid identification.

Accordingly, the Court cannot find that such duty was a clearly established constitutional or statutory right of which Defendant Mattern should have been aware. That is, Defendant Mattern, as a reasonable officer, would not have known on the night of February 27, 2007, that by failing to arrest the unknown offender who identified himself as "Tommy Collins" he may be violating the constitutional rights of Plaintiff. As such, Defendant Mattern is entitled to qualified immunity in

---

[7] Plaintiff *may*, in fact, have a proper cause of action against the Chicago Police Department and the officials who held him in custody for six days. However, based upon the record before it the Court cannot opine whether such a claim would or would not be valid. In any event, that is not the case before this Court, as Plaintiff has instead decided to sue the officer and department who issued the charge which ultimately led to a warrant being issued in his name.

this case, and the claims against him must be dismissed from federal court.[8] *See Buckley*, 20 F.3d at 793 ("Courts should resolve immunity issues at the earliest possible time, preferably before allowing discovery.").

**II. Defendant City of Peoria**

Defendants also argue that Plaintiff's claims against Defendant City should be dismissed because Plaintiff has failed to plead any facts which would support a claim of municipal liability. (Doc. 15 at 4). In his Complaint, Plaintiff states that "I find reason to lodge a complaint against the City of Peoria Illinois being it is responsible for the actions of establishing and overseeing the elected, appointed, and city hired personnel." (Doc. 1 at 6). However, "*[r]espondeat superior* will not suffice to impose [§] 1983 liability on the City." *McTigue v. City of Chicago*, 60 F.3d 381, 382 (7th Cir. 1995). Rather, in order to establish municipal liability against Defendant City under § 1983, Plaintiff must plead that one of its policies violated his individual rights. *Id.* Plaintiff can plead this in one of three ways: 1) the City has an "express policy that, when enforced, causes a constitutional deprivation"; 2) there is "a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a 'custom

---

[8] The Court notes that this analysis is only relevant with respect to Defendants' constitutional duties under section 1983. Whether or not they had duty of care arising under state tort law is another matter, which may be determined in state court under traditional tort law principles. *Baker v. McCollan*, 443 U.S. 137, 146 (1979). In the Seventh Circuit, it is the usual practice of courts to relinquish jurisdiction over state supplemental claims when all federal claims have been dismissed prior to trial. *Wright v. Associated Ins. Co.*, 29 F.3d 1244, 1251 (7th Cir. 1994). Accordingly, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law causes of action because with the dismissal of Plaintiff's § 1983 claims, there is no basis of original jurisdiction upon which the case is properly before this Court. *See* 28 U.S.C. § 1367.

or usage' with the force of law"; or 3) a person with "final policymaking authority" for the city has caused the constitutional injury. *Id.*

Plaintiff's Complaint fails to make any allegations which would sustain any of these three theories of municipal liability. (Doc. 1 at 6). Accordingly, his § 1983 claim against Defendant City must be dismissed. Likewise, his *respondeat superior* claim against Defendant City for Defendant Mattern's alleged common law negligence must be dismissed as Plaintiff has pled no sustainable federal law claims. *See Wright v. Associated Ins. Co.*, 29 F.3d 1244, 1251 (7th Cir. 1994).

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is GRANTED and Plaintiff's claims against Defendants for violations of his federal civil rights are DISMISSED WITH PREJUDICE. Plaintiff's state law claims are also DISMISSED for lack of subject matter jurisdiction. IT IS SO ORDERED.


CASE TERMINATED.




Entered this <u>28th</u> day of February, 2011.


                                                             s/ Joe B. McDade
                                                           JOE BILLY McDADE
                                                   United States Senior District Judge