## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| TOMMY L. COLLINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No.  10-cv-1228 |
| CITY OF PEORIA, and JOHN E. MATTERN, | ) |
| | ) |
| Defendants. | ) |

# O R D E R  &  O P I N I O N

Before the Court is Plaintiff Tommy L. Collins' Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure 60(b). (Doc. 30).  On July 14, 2010, *pro se* Plaintiff filed a Complaint for Deprivation of Constitutional Rights in the United States District Court for the Northern District of Illinois.  (Doc. 1).[1]  In his Complaint, Plaintiff brought a civil rights claim pursuant to 42 U.S.C. § 1983 against Defendant Officer John Mattern ("Defendant Mattern") and Defendant City of Peoria ("Defendant City") for an alleged violation of his Fourth Amendment right to be free from unreasonable seizures.  (Doc. 1 at 6-7).  Plaintiff also brought state law claims of negligence, false arrest, assault, battery, false imprisonment, malicious prosecution, conspiracy and "any other claim that may be supported by the allegations of this complaint."  (Doc. 1 at 5-6).

---

[1] The Northern District of Illinois transferred the Complaint to this Court on July 20, 2010.

On February 28, 2011, this Court entered an Order and Opinion dismissing Plaintiff's § 1983 claims with prejudice and his state law claims for lack of jurisdiction. (Doc. 20). The alleged facts underlying Plaintiff's Complaint are set out in full in the Order and Opinion of February 28, 2011, however briefly put, Plaintiff alleged that Defendant Mattern failed to verify the identity of an unknown traffic offender claiming to be Plaintiff prior to issuing him a ticket, ultimately leading to the issuance of a warrant in Plaintiff's name and his subsequent arrest. (Doc. 1). The Court found that Defendant Mattern would be entitled to qualified immunity on Plaintiff's claim against him as no clear constitutional duty or statutory right dictated that he must engage in a prolonged investigation into the identity of an unknown traffic offender being charged with a traffic violation. (Doc. 20 at 6). Further, the Court dismissed Plaintiff's claim against Defendant City as Plaintiff did not plead any facts which would support a claim of municipal liability. (Doc. 20 at 7).

Plaintiff now moves this Court to reconsider its Order and Opinion pursuant to Federal Rule of Civil Procedure 60(b). According to Plaintiff, he has now obtained the original traffic complaints and bench warrant underlying his initial arrest, which provide further support for his § 1983 claims. (Doc. 30 at 2). Plaintiff also seeks to add the Tenth Judicial Circuit Court as a Defendant to this case. (Doc. 30 at 1).

Relief under Rule 60(b) is an extraordinary remedy. *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006). As an initial matter, the Court notes that Rule 60(b)(2) only allows for relief from judgment when it is presented with

On February 28, 2011, this Court entered an Order and Opinion dismissing Plaintiff's § 1983 claims with prejudice and his state law claims for lack of jurisdiction. (Doc. 20). The alleged facts underlying Plaintiff's Complaint are set out in full in the Order and Opinion of February 28, 2011, however briefly put, Plaintiff alleged that Defendant Mattern failed to verify the identity of an unknown traffic offender claiming to be Plaintiff prior to issuing him a ticket, ultimately leading to the issuance of a warrant in Plaintiff's name and his subsequent arrest. (Doc. 1). The Court found that Defendant Mattern would be entitled to qualified immunity on Plaintiff's claim against him as no clear constitutional duty or statutory right dictated that he must engage in a prolonged investigation into the identity of an unknown traffic offender being charged with a traffic violation. (Doc. 20 at 6). Further, the Court dismissed Plaintiff's claim against Defendant City as Plaintiff did not plead any facts which would support a claim of municipal liability. (Doc. 20 at 7).

Plaintiff now moves this Court to reconsider its Order and Opinion pursuant to Federal Rule of Civil Procedure 60(b). According to Plaintiff, he has now obtained the original traffic complaints and bench warrant underlying his initial arrest, which provide further support for his § 1983 claims. (Doc. 30 at 2). Plaintiff also seeks to add the Tenth Judicial Circuit Court as a Defendant to this case. (Doc. 30 at 1).

Relief under Rule 60(b) is an extraordinary remedy. *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006). As an initial matter, the Court notes that Rule 60(b)(2) only allows for relief from judgment when it is presented with

"newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under 59(b)." Here, it is unclear, and Plaintiff fails to make any argument as to why, he could not have obtained these materials earlier. Moreover, even had the documents been presented to the Court previously, they would not have altered its disposition of Plaintiff's claims against Defendant Mattern or Defendant City. They merely provide hard evidence of what the Court already assumed to be true in ruling upon Defendants' Motion to Dismiss, and therefore do not impact the Court's analysis of those claims in any manner whatsoever.

With respect to Plaintiff's request to amend his Complaint to add the Tenth Judicial Circuit Court as a Defendant, a Rule 60(b) motion is not the proper vehicle through which Plaintiff can add a new party to this case. Without opining in any way on the potential merits of such a claim, the Court notes that no judgment has been entered in favor of the Tenth Judicial Circuit Court and against Plaintiff. Accordingly, Plaintiff is free to file a new Complaint against this entity, if he so chooses.

## Conclusion

For the foregoing reasons, Plaintiff's Motion for Relief from Judgment (Doc. 30) is DENIED. IT IS SO ORDERED.

Entered this <u>2nd</u> day of June, 2011.

                                                s/ Joe B. McDade
                                             JOE BILLY McDADE
                                    United States Senior District Judge